UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lemont-Elzidan: Lighty-Bey, f/k/a Lemont Lighty, ) | Civil Action No.: 4:20-cv-00686-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Finance of America for Gateway Funding, ) | |
| New Residential II Ditech Financial, LLC, ) | |
| Shellpoint Mortgage Servicing, and ) | |
| New Rez, LLC f/k/a New Penn Financial, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this case without prejudice.[1]  *See* ECF No. 17.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2]  In the

---

[1]  The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe the pleadings of pro se litigants such as Plaintiff.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits.  *Gordon* directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.").

[2]  Plaintiff's objections were due by April 13, 2020.  *See* ECF Nos. 17 & 18.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having reviewed the record for clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 17] *as modified below*.[3] Accordingly, the Court **DISMISSES** this case *without prejudice* and without issuance and service of process.[4]

**IT IS SO ORDERED.**

Florence, South Carolina                                     s/ R. Bryan Harwell
April 20, 2020                                               R. Bryan Harwell
                                                             Chief United States District Judge

---

[3] The Court modifies the caption to describe the parties as named in Plaintiff's Amended Complaint. *See* ECF No. 13. Additionally, the Court notes Plaintiff's Motion for Preliminary Injunction [ECF No. 5] is **MOOT**.

[4] The Magistrate Judge provided Plaintiff an opportunity to file an amended complaint, which he did. *See* ECF Nos. 10 & 13; *see generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court is dismissing this action without prejudice based on lack of subject matter jurisdiction. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)); *Norton v. Columbus Cty. Dep't of Soc. Servs.*, 736 F. App'x 406, 407 (4th Cir. 2018) (indicating a dismissal based on the *Rooker-Feldman* doctrine should be without prejudice).